IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUCIO E. GONZALEZ,<br>　　Plaintiff<br><br>v.<br><br>THE GEO GROUP, INC., AND WARDEN<br>GEORGE HEAD<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-0046 |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES The GEO Group, Inc., Defendant in the above styled and numbered cause, and files this Notice of Removal. As grounds for removal, Defendant respectfully shows the following:

1. The GEO Group, Inc. is the Defendant in a civil action pending in the 105th Judicial District Court in Nueces County, Texas, styled *Lucio E. Gonzalez v. The GEO Group, Inc. and Warden George Head,* Cause No. 2017-DCV-3972-D, which was filed in that court on August 29, 2017. The Plaintiff, Lucio E. Gonzalez, alleges he was assaulted as a result of Defendant's negligence. Defendant contends Plaintiff alleges damages sufficient to invoke this Court's diversity jurisdiction.

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Gonzalez alleges he is a resident of Laredo, Webb County, Texas. The GEO Group, Inc. is a citizen of the State of Florida, the state in which it is incorporated and in which it has its

principle place of business, so removal is proper under 28 U.S.C. § 1441(b) because the parties are completely diverse.

3.   Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and the orders served upon Defendant in the state court proceeding. (Exhibit A).

4.   The action was commenced on August 29, 2017. Defendant was served with summons or citation on February 6, 2018, through its registered agent for service of process in the State of Texas.

5.   This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after Defendant first received a copy of a paper from which it could first ascertain that the case is one which is or has become removable. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Removal deadline runs from date of service); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (same).

6.   The United States District Courts have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that every properly joined defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff. Plaintiff is alleged to be a resident citizen of Webb County, Texas. Defendant, The GEO Group, Inc., is, and was at the time the suit was commenced, a citizen of the State of Florida, the state in which it was organized and in which it has its principle place of business. Accordingly, none of the properly joined defendants is a

citizen of the State of Texas, and the parties are completely diverse. Plaintiff's petition, attached, asserts a claim against Defendant in excess of $75,000.00, exclusive of interest and costs; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7.  Venue is proper in the United States District Court, Southern District of Texas, Corpus Christi Division, as the district and division embracing the place where the state action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

8.  Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal upon all interested and adverse parties and upon the Clerk of the Court for the 105th Judicial District Court of the State of Texas, Nueces County, Texas, promptly after filing this Notice of Removal.

9.  There are no other defendants, properly joined and served, to join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Note that Plaintiff named George Head as a non-diverse defendant. However, Head has not been served, and he has been misjoined under governing law.

WHEREFORE, PREMISES CONSIDERED, The GEO Group, Inc., the Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled styled *Lucio E. Gonzalez v. The GEO Group, Inc. and Warden George Head,* Cause No. 2017-DCV-3972-D, pending in the 105th Judicial District Court, Nueces County, Texas, on this 14th day of February, 2018.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
State Bar No. 00787474
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
*skf@fitzkoslaw.com*

## CERTIFICATE OF SERVICE

     I hereby certify service of a true and correct copy of the foregoing instrument on the following interested person(s) on February 13, 2018, via First Class United States Mail, and email:

Guillermo G. Del Barrio, Jr.
6010 McPherson, #120
Laredo, Texas 78041
*memo@delbarriolaw.com*

_____
SHAWN FITZPATRICK

# Exhibit A

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.  
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

February 7, 2018

The GEO Group, Inc.  
John Bulfin Senior VP & General Counsel  
The GEO Group, Inc.  
621 N.W. 53 Street, Suite 700  
BOCA RATON  FL  33487

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

Item: 2018-67

| # | Field | Value |
|---|---|---|
| 1. | Client Entity: | The GEO Group, Inc. |
| 2. | Title of Action: | Lucio E. Gonzalez vs. The GEO Group, Inc. and Warden George Head |
| 3. | Document(s) Served: | Citation for Personal Service<br>Plaintiff's Original Petition<br>Civil Case Information Sheet |
| 4. | Court/Agency: | Nueces County 105th Judicial District Court |
| 5. | State Served: | Texas |
| 6. | Case Number: | 2017DCV-3972-D |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Tuesday 2/6/2018 |
| 10. | Date to Client: | Wednesday 2/07/2018 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | See Notes<br>See Notes |
| 12. | SOP Sender:<br>(Name, Address and Phone Number) | Guillermo G. Del Barrio, Jr.<br>Laredo, TX<br>956-753-7636 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 441 |
| 16. | Notes: | Please review the enclosed documents in order to calculate the response due date. |

CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received.

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**Citation for Personal Service –RESIDENT**



Case Number: **2017DCV-3972-D**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: **The GEO Group Inc.**
**By Serving Corporate Creations Network, Inc.**
**2425 W Loop South #200**
**Houston Tx  77027**
the Defendant,

GREETING: You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition; Civil Case Information Sheet** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Jack W. Pulcher**, **105th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 29th day of August, 2017. A copy of same accompanies this citation.
The file number of said suit being Number: **2017DCV-3972-D**

The style of the case is: **Lucio E Gonzalez vs. The Geo Group Inc,Warden George Head**

Said Petition was filed in said court by **Guillermo G. Del Barrio, Jr.**, attorney for Plaintiff, whose address is 1120 Matamoros  Laredo Tx  78040 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 29th day of January, 2018.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY *Yvonne N. Garcia*, Deputy
Yvonne N. Garcia

# RETURN OF SERVICE

2017DCV-3972-D

LUCIO E GONZALEZ
VS.
THE GEO GROUP INC, WARDEN
GEORGE HEAD

105TH DISTRICT COURT

_____
Name

**ADDRESS FOR SERVICE**
The Geo Group Inc
Corporate Creations Network
2425 W LP South #200
Houston TX 77027

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:
Serving Petition and Copy   $_____
Total                       $_____

_____, Officer
_____, County, Texas
By _____, Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)
address is _____
        (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
8/29/2017 12:01 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2017DCV-3972-D

| | | |
|---|---|---|
| LUCIO E. GONZALEZ<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| THE GEO GROUP, INC. AND WARDEN<br>GEORGE HEAD<br>*Defendants* | §<br>§<br>§ | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LUCIO E. GONZALEZ (hereinafter called "Plaintiff"), complaining of THE GEO GROUP, INC. AND WARDEN GEORGE HEAD (hereinafter collectively referred to as "Defendants"), and for cause of action show unto the Court the following:

### A. Discovery Control Plan

1. Plaintiff will request that the Court enter a discovery order under Level 2 of Texas Rule of Civil Procedure 190.4.

### B. Parties

2. Plaintiff is a resident of Laredo Webb County, Texas.

3. Defendant The Geo Group is a Florida Corporation doing business in Texas. It can be served with process by serving CORPORATE CREATIONS NETWORK, INC., 2425 W. Loop South #200, Houston, Texas 77027.

4. Defendant Warden Geroge Head is an individual resident of Nueces County, Texas and can be served with process at 4909 FM 2826, Robstown, Texas 78380.

### C. Jurisdiction

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. The Court has jurisdiction over Defendants because Defendant Head is a resident of Texas.

### D. Venue

7. Venue in Nueces County, Texas is proper pursuant to Tex. Civ. Prac. & Rem. Code Section 15.002 (a) (2) because it is the county where this cause of action accrued.

### E. Facts

8. On or about August 26, 2015, the Plaintiff Gonzalez was being housed at Defendant Geo Group's facility, Coastal Bend Detention Facility, located in Robstown, Nueces County, Texas. Plaintiff was being held on a supervised release violation. On August 26, 2015, Plaintiff was set to be transferred along with other inmates.

9. Plaintiff was a known and confirmed member of the Mexican Mafia. Due to his affiliation he was placed in segregation and was to remain in segregation throughout the duration of his stay. This included any transportation to and from other facilities or court appearances.

10. On August 26, 2015, Mr. Gonzalez was to be transferred to a Houston airport for his destination to serve the remainder of his prison sentence. Prior to being transferred, Mr. Gonzalez was asked again if he was a confirmed Mexican Mafia member. He acknowledged his memebership. When being boarded Mr. Gonzalez was shacked and had a "black box" that limited his movements unlike the general population.

11. The reason for segration of certain gangs is their issues with rival gangs within the prison system. This is known not only within the The Geo Group, Inc. prisons but every prison throughout the nations. Gangs are intentionally separated to avoid fights and other sort of violence amongst the rival gang members. Mr. Gonzalez had been transported to the Coastal

2

Bend facility from the Rio Grande Detention facility two weeks prior and proper precautions were taken.

12. On the day of August 26, 2015, the precautions of separation were not taken. Although Mr. Gonzalez was asked and he confirmed about his gang affiliation, the officials of the prison did not follow proper procedures and proceeded to put Mr. Gonzalez' health and life at risk. The prison officials had Mr. Gonzalez housed in segregation due to the known fact that he was a member of the Mexican Mafia. It was well within the knowledge of the prison. Mr. Gonzalez further confirmed although the prison had him earmarked as a confirmed member.

13. As they proceeded to load the prisoners, Defendants were negligent in following procedures by placing Mr. Gonzalez with the general population knowing the conflict that would arise. General population houses a high rate of rival gang members. The prison officials knew this. Mr. Gonzalez was being transported to the Houston area along with several members of the Paisas gang. It is known that the Paisas and Mexican Mafia are rivals are purposely separated due to the tensions between the two gangs.

14. As he was loaded into the van, Mr. Gonzalez advised the guards of his affiliation again. They recklessly ignored his request to be housed separately. The guards determined that he would have to be placed in segregation but they were transporting females and the females were to be transported in the area in which Mr. Gonzalez would have been transported. He was put with the rival gang members. The guards simply told the other prisoners to stay 3 seats away from Mr. Gonzalez. Mr. Gonzalez was shackled much more tightly than the other prisoners. His mobility was extremely limited due to how he was shackled as opposed to the other prisoners who were much more mobile.

15. Upon leaving the detention center, the rival gang members confirmed that Mr. Gonzalez was Mexican Mafia. Gang members are easily distinguished by their tattoos. Mr. Gonzalez has identifying tattoos confirming his affiliation. In addition, the difference in

3

shackling and the orders given by the guards to remain at least 3 seats away from Mr. Gonzalez made the identification process that much more easy.

16. Upon being identified, Mr. Gonzalez was approached by five (5) rival gang members who were simply placed in handcuffs with a chain around their waist. The Paisa gang members were very mobile compared to Mr. Gonzalez' compromised position. The Paisas were able to remove the chains around their waists to use as weapons in additions to the handcuffs. They proceeded to beat Mr. Gonzalez by kicking him, punching him and hitting him with the makeshift weapons of the chains and handcuffs.

17. Mr. Gonzalez could hear the guards yelling for the Paisas to return to their seats and stop the beating. They did not do so. The guards continue to dirve for what Mr. Gonzalez estimates "at least 15-20 minutes". It could have been more. Mr. Gonzalez was severely beaten. He suffered many injuries including a broken wrist, contusions and a concussion. Mr. Gonzalez is lucky to have survived the incident.

18. Mr. Gonzalez was flown to Oklahoma to be treated for his major injuries. He was required to receive medical attention that required a hospital stay.

### F. Count 1 – NEGLIGENCE

19. Defendants were negligent through their employees in allowing the transportation of the inmates described in the paragraphs above. Policy or not, the drivers upon the attack on Mr. Gonzalez failed to properly act and protect Mr. Gonzalez as they kept driving while Mr. Gonzalez continued to be assaulted. Although Mr. Gonzalez was documented as a Mexican Mafia member, which required segregation, including during transportation, and they failed to do so even after Mr. Gonzalez brought it to their attention, as well. It was further confirmed by ordering the other prisoners to stay away from Mr. Gonzalez. The rivals were simply separated by 3 seats. Additionally, Mr. Gonzalez could not defend himself due to the restraints, which significantly limited his mobility as others were free to roam and beat him.

20. Defendants knew the procedures and disregarded them and negligently put Mr. Gonzalez' health and life at risk. They knew or should have known the potential harm that they put Mr. Gonzalez in upon loading him into the van.

21. Through no fault of the Plaintiff was injured by the Defendants' negligence.

### G. Count 2 – GROSS NEGLIGENCE

22. Defendants were grossly negligent through their employees in allowing the transportation of the inmates described in the paragraphs above. Defendants' conscience indifference to the safety of Mr. Gonzalez led to Mr. Gonzalez injuries. Defendants knew of the potential dangers that faced Mr. Gonzalez upon transportation with rival gang members.

### H. DAMAGES

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff sustained the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of her injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Physical impairment in the past;

   F. Physical impairment which, in all reasonable probability, will be suffered in the future;

   G. Loss of household services in the past;

   H. Loss of household services in the future;

   I. Mental anguish in the past;

   J. Mental anguish in the future;

5

K. Lost earning capacity in the future;

L. Exemplary damages;

M. Punitive damages; and

N. Physical disfigurement.

### I. Prayer

24. For these reasons, Plaintiff asks that she be awarded a judgment against Defendant in excess of the Court's minimum jurisdictional limits for the following:

A. Actual damages and punitive/exemplary damages

B. Prejudgment and post-judgment interest.

C. Court costs.

D. All other relief to which Plaintiff is entitled

Respectfully submitted,

**LAW OFFICES OF
GUILLERMO G. DEL BARRIO JR.**
6010 McPherson Rd. #120
Laredo, Texas 78041
Telephone: (956) 753-7636
Facsimile: (956) 753-8865

By: /s/Guillermo G. del Barrio, Jr.
Guillermo G. del Barrio Jr.
Texas Bar No. 24049078
memo@delbarriolaw.com
Attorneys for Plaintiff

Filed
8/29/2017 12:01 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

# CIVIL CASE INFORMATION SHEET
2017DCV-3972-D

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED Lucio Gonzalez v. The Geo Group, Inc. et al
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Guillermo G. del Barrio, Jr. | Email: memo@delbarriolaw.com | Plaintiff(s)/Petitioner(s): Lucio Gonzalez | ☐Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ |
| Address: 6010 McPherson Rd #120 | Telephone: 956-753-7636 | | Additional Parties in Child Support Case: |
| City/State/Zip: Laredo | Fax: 956-753-8865 | Defendant(s)/Respondent(s): The Geo Group and George Head | Custodial Parent: Non-Custodial Parent: |
| Signature: | State Bar No: 24049078 | | Presumed Father: |
| | | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: _____ *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☒Other Injury or Damage: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | | **Parent-Child Relationship** |
| | | ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | | ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | | |
| **Tax** | **Probate & Mental Health** | | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

FEB 0 6 2018